In the Matter of the Suspension of
the Driving Privileges of

HEAVERIN,
*Respondent,*

*v.*

MOTOR VEHICLES DIVISION,
*Appellant.*

(A8412-07579; CA A35314)

722 P2d 1273

Stephanie Smythe, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Wayne Mackeson, Portland, argued the cause and filed the brief for respondent.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

The Motor Vehicles Division (MVD) appeals a circuit court order reversing its order suspending petitioner's[1] driving privileges. *Former* ORS 487.805(3);[2] *former* ORS 482.541(4)(c).[3] It contends that the court erred in concluding that *former* ORS 482.541(4)(c), *former* ORS 487.545[4] and *former* ORS 487.540(1)[5] required that MVD demonstrate that petitioner's blood alcohol level was no less than .08 percent at the time he was driving, rather than at the time he took a breath test. We reverse.

Petitioner was arrested for driving under the influence of alcohol. *Former* ORS 487.540. He had been observed driving in excess of the posted speed limit and straddling lane markers. When he was stopped, at 8 p.m., he was observed to have unsteady balance, blood shot eyes and an odor of alcohol. At 8:35 p.m., he was asked to submit to a breath test. ORS 487.805(1). The test disclosed his blood alcohol content to be .08 percent.

MVD notified petitioner that his driving privileges would be suspended for 90 days. *Former* ORS 487.805(3)(b). He requested an administrative hearing. At the hearing, a forensic scientist testified that, on the basis of the breath-test result of .08 percent and the amount of alcohol petitioner testified that he had consumed between 6 and 8 p.m., his blood alcohol content would have been approximately .06 percent at 8 p.m., the time when he was stopped. Notwithstanding that, a

---

[1] We refer to respondent Heaverin as petitioner, because that is the way the circuit court and MVD referred to him below.

[2] *Former* ORS 487.805 was repealed by Or Laws 1983, ch 338, § 978 (which became effective January 1, 1986, Or Laws 1983, ch 338, § 981) and replaced by ORS 813.100, Or Laws 1983, ch 338, § 591 as amended by Or Laws 1985, ch 16 § 298 and Or Laws 1985, ch 672, § 19.

[3] *Former* ORS 482.541 was repealed by Or Laws 1985, ch 16, § 475 (which became effective January 1, 1986, Or Laws 1985, ch 16, § 475) and replaced by ORS 813.410, Or Laws 1983, ch 338, § 358, as amended by Or Laws 1985, ch 16, § 167 and Or Laws 1985, ch 672, § 13.

[4] *Former* ORS 487.545 was repealed by Or Laws 1983, ch 338, § 978 (which became effective January 1, 1986, Or Laws 1983, ch 338, § 981) and replaced by ORS 813.300, Or Laws 1983, ch 338, § 59, as amended by Or Laws 1985, ch 16, § 297.

[5] *Former* ORS 487.540 was repealed by Or Laws 1983, ch 338, § 978 (which became effective January 1, 1986, Or Laws 1983, ch 338, § 981) and replaced by ORS 813.010, Or Laws 1983, ch 338, § 587, as amended by Or Laws 1985, ch 16, § 293.

hearings officer entered an order suspending petitioner's driving privileges. On review, the circuit court made the following findings:

"1. That the provisions of [*former*] 482.541(4)(c), [*former*] 487.545, and [*former*] 487.540(1)(a) require that respondent [MVD] demonstrate that the amount of alcohol in petitioner's blood be .08 percent or more by weight of alcohol *at the time of driving* as shown by chemical analysis of the breath;

"* * * * *

"3. That there is not substantial evidence to support a finding that petitioner's blood alcohol level was .08 percent or more by weight of alcohol *at the time of driving.*" (Emphasis supplied.)

The circuit court reversed the suspension order.

MVD contends that *former* ORS 487.805(3), *former* ORS 487.545 and *former* ORS 482.541, and their legislative histories, show that the relevant time is the time of the testing and not the time of driving, and that to hold otherwise would defeat the intent of having separate procedures for administrative suspension and criminal proceedings. Petitioner contends that those statutes were intended to punish only those persons who were driving in violation of *former* ORS 487.540(1) and that, therefore, he should be entitled to prove that, although he may have been under the influence of intoxicants at the time he was tested, he was not under the influence of intoxicants at the time he was driving. We agree with MVD.

The 1983 amendments to the vehicle code provided an administrative proceeding for implied consent license suspensions separate from any criminal proceeding for driving under the influence of intoxicants. At the time of petitioner's arrest, MVD was authorized to suspend driving privileges when breath tests revealed a blood alcohol level that constituted driving under the influence of intoxicants. *Former* ORS 487.805(3). Prior to those amendments, MVD could suspend driving privileges only if a person refused to submit to a chemical breath test. *Former* ORS 487.805 provided, in relevant part:

"(3) If a person refuses to take a [chemical breath] test under this section or if the test under this section discloses

that the person, *at the time of the test,* had a level of alcohol in the person's blood that constitutes being under the influence of intoxicating liquor under [*former*] ORS 487.545, the person's driving privileges are subject to suspension under [*former*] ORS 482.541 * * *." (Emphasis supplied.)

That statute was clear and unambiguous. *Former* ORS 487.545 provided, in relevant part:

"(2)  Not less than .08 percent by weight of alcohol in a person's blood constitutes being under the influence of intoxicating liquor."

Read together, those statutes unequivocally made having a blood alcohol content of .08 percent or more at the time of the test grounds for suspension of driving privileges.

Although the criminal provisions of *former* ORS 487.540 were intended to apply only to persons found to have had a blood alcohol level of .08 percent or more at the time of *driving,* we conclude that, for purposes of implied consent license suspension, the administrative suspension provisions of *former* ORS 487.805 and *former* ORS 482.541 were intended to apply to persons who had a blood alcohol level of .08 percent or more at the time of *testing.*[6] The trial court erred in holding that the blood alcohol content at the time of *driving* was controlling when implied consent suspension of driving privileges was the issue.

We find no merit in petitioner's other contentions.

Reversed and remanded with instructions to reinstate the suspension order.

---

[6] Petitioner is incorrect in assuming that this result will affect persons who are merely in the condition of "being under the influence of intoxicants" without having engaged in driving under the influence of intoxicants. As petitioner pointed out, other portions of *former* ORS 487.805 and *former* ORS 482.541 required that the person must have been arrested for driving under the influence of intoxicants, and that there must have been reasonable grounds to believe that he had been driving under the influence of intoxicants. Petitioner was arrested for driving under the influence of intoxicants. He does not challenge the fact that there were reasonable grounds to believe that he had been driving under the influence of intoxicants at the time he was arrested.